No. 26-12533-C

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

STATE OF FLORIDA, et al.

Plaintiffs-Appellees,

vs.

LEAGUE OF WOMEN VOTERS, et al.

Intervenors-Defendants-Appellants.

Appeal from the United States District Court for the Northern District of Florida
No. 3:24-cv-00509-TKW-HTC - The Honorable T. Kent Wetherell II

## MOTION TO EXPEDITE APPEAL

Mark B. Samburg
Ronald A. Fein
Robin F. Thurston
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

Gerald E. Greenberg
Daniel R. Walsh
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
(305) 728-0950

Nikhel S. Sus
John B. Hill
Lauren C. Bingham
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565

Jon Sherman
Michelle Kanter Cohen
FAIR ELECTIONS CENTER
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 331-0114

*Counsel for Intervenors-Defendants-Appellants*

*No. 26-12533, State of Florida, et al. v. League of Women Voters, et al.*

## CERTIFICATE OF INTERESTED PERSONS

Counsel for Intervenors-Defendants-Appellants certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. American Civil Liberties Union, *Amicus in League of Women Voters v. DHS*

2. American Civil Liberties Union Foundation, *Counsel for Amicus iun League of Women Voters v. DHS*

3. Azrak, Cesar, *Counsel for Defendants in League of Women Voters v. DHS*

4. Bingham, Lauren Crowell, *Counsel for Intervenors-Defendants-Appellants*

5. Bird, Brenna, *Plaintiff-Appellee*

6. Boyden Gray PLLC, *Counsel for Plaintiffs-Appellees*

7. Campaign Legal Center, *Amicus in League of Women Voters v. DHS*

8. Center for Media and Democracy, *Amicus in League of Women Voters v. DHS*

9. Cannon, Hope T., *United States Magistrate Judge*

10. Christmas, Natalie, *Counsel for Plaintiffs-Appellees*

11. Citizens for Responsibility and Ethics in Washington, *Counsel for Intervenors-Defendants-Appellants*

12. Cohen, Michelle Kanter, *Counsel for Intervenors-Defendants-Appellants*

13. Common Cause, *Amicus in League of Women Voters v. DHS*

14. Connolly, Jennifer Fountain, *Counsel for Plaintiffs in League of Women Voters v. DHS*

15. Dashevsky, Reuven, *Counsel for Appellees in League of Women Voters v. DHS (D.C. Cir.)*

16. Davis, Ashley E., *Counsel for Plaintiffs-Appellees*

17. Davis, Emily, *Counsel for Plaintiffs in League of Women Voters v. DHS*

18. Davisson, John L., *Counsel for Plaintiffs in League of Women Voters v. DHS*

19. Democracy Forward Foundation, *Counsel for Intervenors-Defendants-Appellants*

20. Department of Homeland Security, *Defendant*

21. DeSousa, Jeffrey Paul, *Counsel for Plaintiffs-Appellees*

22. Desta, Yoseph T., *Counsel for Plaintiffs in League of Women Voters v. DHS*

23. Electronic Privacy Information Center, *Intervenor-Defendant-Appellant*

24. Fair Elections Center, *Counsel for Intervenors-Defendants-Appellants*

25. Fein, Ronald, *Counsel for Intervenors-Defendants-Appellants*

26. Ferguson, Robert Brent, *Counsel for Amicus in League of Women Voters v. DHS*

27. State of Florida, *Plaintiff-Appellee*

28. Florida Attorney General's Office, *Counsel for Plaintiffs-Appellees*

29. Florida Department of State, *Plaintiff-Appellee*

30. Francois, Aderson Bellegarde, *Counsel for Amicus in League of Women Voters v. DHS*

31. Fusion Law, *Counsel for Amicus in League of Women Voters v. DHS*

32. Gelber Schachter & Greenberg, PA, *Counsel for Intervenors-Defendants-Appellants*

33. Gelber, Sophie Rose, *Counsel for Plaintiffs in League of Women Voters v. DHS*

34. George, Aman Tewari, *Counsel for Intervenors-Defendants-Appellants*

35. Georgetown University Law Center Civil Rights Clinic, *Counsel for Amicus in League of Women Voters v. DHS*

36. Golembiewski, Kevin A., *Counsel for Plaintiffs-Appellees*

37. Greenberg, Gerald Edward, *Counsel for Intervenors-Defendants-Appellants*

38. Guard, John Matthew, *Counsel for Plaintiffs-Appellees*

39. Hauss, Brian Matthew, *Counsel for Amicus in League of Women Voters v. DHS*

40. Hickman, Johanna M., *Counsel for Plaintiffs in League of Women Voters v. DHS*

41. Hill, John, *Counsel for Intervenors-Defendants-Appellants*

42. Israel, Celia, *Amicus in League of Women Voters v. DHS*

43. Kunkler, Abigail, *Counsel for Plaintiffs in League of Women Voters v. DHS*

44. Lanning, Blake E., *Counsel for Plaintiffs-Appellees*

45. Lawyers Defending American Democracy, Inc., *Amicus in League of Women Voters v. DHS*

46. League of Women Voters, *Intervenor-Defendant-Appellant*

47. League of Women Voters of Louisiana, *Plaintiff in League of Women Voters v. DHS*

48. League of Women Voters of Louisiana Education Fund, *Plaintiff in League of Women Voters v. DHS*

49. League of Women Voters of Virginia, *Plaintiff in League of Women Voters v. DHS*

50. LaRose, Frank, *Plaintiff-Appellee*

51. LeGrand Law, PLLC, *Counsel for Amicus in League of Women Voters v. DHS*

52. LeGrand, Rebecca S., *Counsel for Amicus in League of Women Voters v. DHS*

53. Limon-Mercado, Dyana, *Amicus in League of Women Voters v. DHS*

54. State of Indiana, *Plaintiff-Appellee*

55. Maradiaga, Karla, *Counsel for Amicus in League of Women Voters v. DHS*

56. Marziani, Mimi, *Counsel for Amicus in League of Women Voters v. DHS*

57. Marziani, Stevens & Gonzalez, PLLC, *Counsel for Amicus in League of Women Voters v. DHS*

58. McCotter, R. Trent, *Counsel for Plaintiffs-Appellees*

59. McVay, Bradley Robert, *Counsel for Plaintiffs-Appellees*

60. Montenegro, Steve, *Amicus in League of Women Voters v. DHS*

61. Morales, Diego, *Plaintiff-Appellee*

62. Muehlhoff, Jason John, *Counsel for Plaintiffs-Appellees*

63. Mullin, Markwayne, *Defendant*

64. Musser, Susan, *Counsel for Amicus in League of Women Voters v. DHS*

65. State of Ohio, *Plaintiff-Appellee*

66. Oishi, Nina, *Counsel for Amicus in League of Women Voters v. DHS*

67. Padilla, Alex, *Amicus in League of Women Voters v. DHS*

68. Pate, Paul, *Plaintiff-Appellee*

69. Percival, James Hamilton II, *Counsel for Plaintiffs-Appellees*

70. Peters, Gary, *Amicus in League of Women Voters v. DHS*

71. Petersen, Warren, *Amicus in League of Women Voters v. DHS*

72. Pezzi, Stephen Michael, *Counsel for Defendants*

73. Protect Democracy Project, *Amicus in League of Women Voters v. DHS*

74. Riess, Daniel Martin, *Counsel for Defendants*

75. Rohnicker, Michael J., *Counsel for Amicus in League of Women Voters v. DHS*

76. Samburg, Mark B., *Counsel for Intervenors-Defendants-Appellants*

77. Service Employees Internation Union, *Amicus in League of Women Voters v. DHS*

78. Sherman, Jonathan, *Counsel for Intervenors-Defendants-Appellants*

79. Soltan, Elizabeth, D., *Counsel for Amicus in League of Women Voters v. DHS*

80. Sooknanan, Sparkle L, *United States District Court Judge*

81. Stephens, Caleb Anthony, *Counsel for Plaintiffs-Appellees*

82. Sus, Nikhel, *Counsel for Intervenors-Defendants-Appellants*

83. State of Texas, *Intervenor in League of Women Voters v. DHS*

84. Texas Attorney General's Office, *Counsel for Intervenor in League of Women Voters v. DHS*

85. Texas Civil Rights Project, *Amicus in League of Women Voters v. DHS*

86. Thorburn, Ali, *Counsel for Intervenor in League of Women Voters v. DHS*

87. Thurston, Robin, *Counsel for Intervenors-Defendants-Appellants*

88. Travis County, Texas, *Amicus in League of Women Voters v. DHS*

89. Ury, Steven, *Counsel for Amicus in League of Women Voters v. DHS*

90. Valencia, Patrick C., *Counsel for Plaintiffs-Appellees*

91. Van de Bogart, Joseph Scott, *Counsel for Plaintiffs-Appellees*

92. Venzke, Cody James, *Counsel for Amicus in League of Women Voters v. DHS*

93. Walsh, Daniel R., *Counsel for Intervenors-Defendants-Appellants*

94. Wassdorf, William D., *Counsel for Intervenor in League of Women Voters v. DHS*

95. Wessan, Eric H., *Counsel for Plaintiffs-Appellees*

96. Wetherell, T. Kent II, *United States District Judge*

97. Whistleblower Partners, LLP, *Counsel for Amicus in League of Women Voters v. DHS*

98. Whitaker, Henry Charles, *Counsel for Plaintiffs-Appellees*

*No. 26-12533, State of Florida, et al. v. League of Women Voters, et al.*

99. Whitesell, S. Lee, *Counsel for Amicus in League of Women Voters v. DHS*

100. Wilmer Cutler Pickering Hale and Dorr LLP, *Counsel for Amicus in League of Women Voters v. DHS*

101. Young, William D., *Counsel for Plaintiffs-Appellees*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: July 22, 2026 /s/Mark B. Samburg

## APPELLANTS' MOTION TO EXPEDITE APPEAL

Pursuant to 28 U.S.C. 1657(a), Federal Rule of Appellate Procedure 27, and Eleventh Circuit Rule 27, I.O.P. 3, Intervenors-Defendants-Appellants League of Women Voters and Electronic Privacy Information Center (collectively "Appellants") respectfully request that this Court expedite briefing, oral argument (if necessary), and decision in this matter. Plaintiffs-Appellees oppose the motion.

There is good cause to expedite this appeal under Eleventh Circuit Rule 27, I.O.P. 3. 11th Cir. R. 27, I.O.P. 3 ("[A]n appeal may be expedited only by the court upon motion and for good cause shown."). This appeal arises from an order of the U.S. District Court for the Northern District of Florida that directly conflicts with an earlier order of the U.S. District Court for the District of Columbia granting relief to Appellants. The District Court for the District of Columbia issued a robust and thorough merits decision holding unlawful and setting aside the federal government's modifications of a data system. Thereafter, the Northern District of Florida issued an order enforcing a settlement agreement, which, if followed, would compel DHS to take actions that directly contravene the prior decision of the District Court for the District of Columbia. As a result of that order, both DHS, which is a party to the settlement and this litigation, and SSA, which is not a party here, are now directly contravening the District Court of the District of Columbia's earlier decision by using the data system which that court vacated.

The situation is untenable.

As things stand, Appellants are deprived of the relief to which the District Court of the District of Columbia has determined they are entitled as a matter of law. And by the federal government's own characterization, this situation has placed it in "an impossible dilemma. . . [they are] faced with multiple court orders, and it would be logically impossible to comply with both of them." *Florida v. DHS*, No. 3:24-cv-00509 (N.D.Fl. July 2, 2026), ECF 42 at 11 (DHS defendants' opposition to motion to enforce settlement agreement), 10-11. The district court itself has acknowledged: "One of the orders has to give." *Florida v. DHS*, -- F. Supp. 3d --, 2026 WL 1968339, at *3 (N.D.Fl. July 7, 2026).

Because a review of the district court's order enforcing a settlement agreement would not require a full exploration of the merits of the District Court for the District of Columbia's decision, and because this appeal has already been calendared, this Court is well-positioned to quickly resolve this impasse. Doing so in an expedited manner will serve the interests of justice by potentially resolving a judicial deadlock that has trapped parties to two separate cases in two separate jurisdictions in shared limbo without clear guidance as to their rights or obligations.

**Background**

*The Original Proceeding Below*

Plaintiffs-Appellees the State of Florida and the Florida Department of State originally filed this case against the Department of Homeland Security ("DHS") and the DHS Secretary on October 16, 2024, challenging the alleged failure by DHS and the DHS Secretary to respond to voter verification inquiries in a timely manner. DHS and the DHS Secretary never answered the complaint, instead filing a series of unopposed and consent motions for extension to respond.

In May 2025, DHS made changes to the Systematic Alien Verification for Entitlements ("SAVE") system that it uses to verify the citizenship status of certain applicants for government benefits, as well as voters whose status is queried by states. DHS and the Social Security Administration ("SSA") entered into an "agreement to overhaul the SAVE system", purporting to authorize SSA to share its records with DHS for use in the SAVE system for the first time since SAVE's creation and to enable bulk searches of SAVE by Social Security number. *League of Women Voters v. DHS*, -- F. Supp. 3d --, 25-3501, 2026 WL 1784297, at *6 (D.D.C. June 22, 2026). DHS launched a modified version of SAVE reflecting those changes later that month. *Id.* Neither agency issued a Systems of Record Notice (SORN) in advance of those changes to advise the public of the changes to their systems of records.

*The D.D.C. Challenge to the Modified SAVE System*

In September 2025, Appellants, along with several other plaintiffs, filed a complaint in the United States District Court for the District of Columbia, alleging that DHS and SSA had unlawfully modified the SAVE system. *Id.* Appellants and their co-plaintiffs alleged that the government's expansion of the SAVE system violated the privacy rights of millions of American citizens and imperiled many Americans' right to vote.

On October 27, 2025, the State of Texas moved to intervene in *LWV* under Federal Rule of Civil Procedure 24(a) based on its interest in using the modified SAVE system for citizenship verification. Mot. to Intervene, *LWV*, ECF 43 at 4-7 (D.D.C. Oct. 27, 2025). The *LWV* court later granted Texas's intervention motion. Order, *LWV*, ECF 86 at 1 (Apr. 6, 2026). The Plaintiff-Appellee states in this case never sought to intervene in the *LWV* litigation.

On November 17, 2025, the *LWV* court denied a motion by Appellants and their co-plaintiffs for preliminary relief, concluding that the plaintiffs had "not demonstrated irreparable injury" on the record before it. Preliminary Injunction Op., *LWV*, ECF 55 at 1 (Nov. 17, 2025). On the merits, however, the *LWV* court noted that it was "troubled by the recent changes to SAVE" and that it "doubt[ed] the lawfulness of the Government's actions." *Id*. The *LWV* court granted the plaintiffs in that case leave to file a supplemental complaint on November 24, 2025. Minute

4

Order, *Id.* (Nov. 24, 2025). The *LWV* plaintiffs filed that complaint on January 21, 2026. *LWV*, 25-cv-3501, ECF 61 (D.D.C. Jan. 21, 2026). The differences between the original and amended complaints are not material to this appeal.

*Settlement of the Proceeding Below*

Four days later, on November 28, 2025 (the day after Thanksgiving), Plaintiffs-Appellees filed an amended complaint against DHS and the DHS Secretary adding Indiana, the Indiana Secretary of State, the Iowa Attorney General, the Iowa Secretary of State, Ohio, and the Secretary of State of Ohio as Plaintiffs, *Florida*, ECF 29, and, later that same day, filed an unopposed motion to dismiss based on a settlement agreement between the parties which, on its face, required DHS and the DHS Secretary to continue to operate the modified SAVE system. *Florida*, ECF 30. That settlement agreement was signed on behalf of DHS and the DHS Secretary by the same attorney who then represented (and still represents) the federal defendants in *LWV*. *Id.* With their motion, the parties also filed a proposed order that "approved" and "incorporated by reference" the parties' "settlement agreement," which the court would "retain[] jurisdiction" to enforce for "twenty years from the date of [the] order." *Florida*, ECF 30-2. No party to the *Florida* litigation advised the district court about the existence of the pending *LWV* litigation. *See Florida*, 2026 WL 1968339, at *3 n.6.

5

The district court swiftly entered the parties' proposed order, without modification, the next business day, on Monday, December 1, 2025, dismissing the case and approving the settlement agreement. *Florida* ECF 31. Because the parties settled after a series of extensions to the federal Defendants' deadline to answer the complaint, the district court below never had the opportunity to consider any adversarial litigation or substantive briefing regarding the legality of the SAVE modifications (or any other issue), and no administrative record was ever produced.

*Resolution of the D.D.C. Challenge*

On June 22, 2026, following the production of voluminous administrative records by SSA and DHS and extensive briefing by Appellants (and their co-plaintiffs), federal defendants, and Texas, the *LWV* court entered summary judgment vacating the modifications SSA and DHS had made to the SAVE system. *LWV*, 2026 WL 1784297, at *35. The *LWV* court concluded that "there can be no question that the modified SAVE system violates" the Social Security Act, *id.* at *20; that DHS and SSA had "clearly violated the Privacy Act's non-disclosure bar by disclosing SSA records to DHS and SAVE users (including states) without" required consent, *id.* at *26; that belated publication of applicable System of Record Notices and preordained responses to public comments violated the APA's procedural requirements, *id.* at *28; that the changes to the SAVE system were arbitrary and capricious, *id.* at *28-29; and that the changes exceeded the agencies' statutory

6

authority, *id.* at \*30-33. The *LWV* court also rejected the defendants' request that it "deny relief to Plaintiffs" based on the district court's entry of the parties' settlement agreement in *Florida*, both because it "lack[ed] authority" to "construe the Defendants' consent decree[]" in another court and because "comity does not favor dismissing or abstaining in this circumstance." *Id.* at \*34-35.

The *LWV* defendants noticed an (as-yet unscheduled) appeal of that decision on June 25. *LWV*, ECF 113. *See also League of Women Voters v. DHS*, 26-05243 (D.C. Cir.) (*LWV II*).

*Conflict Between Jurisdictions*

On June 30, 2026, Plaintiffs-Appellees filed a motion to enforce the settlement agreement below, asking the district court to order DHS to restore the modified SAVE system in violation of the June 22 order in *LWV*. *Florida* ECF 32. On July 1, Appellants filed a motion for leave to file an *amicus* brief in opposition to that motion. *Florida* ECF 37; *see also Florida*, ECF 39 (July 2, 2026) (granting leave to file *amicus* brief). In that brief, Appellants explained that the underlying settlement agreement explicitly disclaimed requiring the government to take any actions inconsistent with federal law, and that the government does not breach a settlement agreement by complying with a court order finding aspects of a settlement agreement to be unlawful. Brief of *Amici Curiae*, *Florida*, ECF 37-1 at 8-9 (July 1, 2026). DHS took the same position in their brief. *See* Defs. Opp. to Mot. to Enforce, ECF 42, at

6-7 (noting agreement with Appellants on this point). Appellants' amicus brief also noted that treating the settlement agreement as binding DHS to continue operating the SAVE modifications would be improper given that "the *LWV* decision found the SAVE overhaul to be unlawful on the basis of a variety of legal deficiencies never presented to or litigated in" the district court below. *Florida*, ECF 37-1, at 10. Further, Appellants' amicus brief noted that the *LWV* litigation involved claims against SSA for improper data sharing, and it would be improper for the district court below to construe its settlement agreement as requiring SSA to take affirmative steps to share its records with DHS when SSA was neither a defendant in the *Florida* litigation nor a party to the settlement agreement. *See id.* at 12-13; *see also* Defs. Opp., ECF 42 at 8 (similar).

After briefing, the district court granted Plaintiffs-Appellees' motion to enforce the settlement agreement on July 7, 2026, ordering DHS and the DHS Secretary to "comply with their obligations under the settlement agreement." *Florida* ECF 45 at 9. On July 9, Defendants notified Plaintiffs-Appellees that they were reinstating Modified SAVE's vacated features for use by the four *Florida* plaintiff states. *See Florida* ECF 53 at 2-3.

On July 8, the day after the *Florida* enforcement order, Appellants moved to intervene for purposes of appeal, *Florida* ECF 48, and the district court granted that motion on July 19. *Florida* ECF 54. Appellants filed their notice of appeal of the

July 7 enforcement order on July 20. *Florida* ECF 55. To date, DHS has not appealed the July 7 enforcement order or otherwise sought relief from that order in the district court or this Court.

Meanwhile, on July 1, SSA and DHS moved for a stay in the *LWV* court, arguing in part (for the first time) that compliance with both the *LWV* summary judgment and vacatur order and the consent decree in this case is "impossible." *LWV* ECF 116-1, 14. SSA and DHS argued that the "untenable position" of being subjected to conflicting court orders inflicted "irreparable harm" upon the "federal sovereign." *Id.* at 13. The *LWV* court denied the stay motion on July 8. *LWV* ECF 123, 124. Among other things, the *LWV* court noted that the *Florida* court "erred in significant ways" in its July 7 enforcement order, because, "[w]hen entering consent decrees, federal courts do 'not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy,'" since there is no justiciable "'case or controversy within the meaning of Art. III of the Constitution.'" *LWV* ECF 123 at 18-19 (cleaned up). And thus, "the Northern District of Florida court had no authority to make merits determinations about the legality of SAVE, either implicitly or explicitly." *Id.* at 19.

That same day, July 8, SSA and DHS moved in the D.C. Circuit for an immediate administrative stay and a stay pending appeal, *see* Emergency Mot. to Stay, *LWV II* (July 8, 2026). The D.C. Circuit has not entered an administrative stay;

briefing on the motion for a stay pending appeal was completed on July 20, and the motion is pending.

On July 14, Appellants and their *LWV* co-plaintiffs filed a motion to enforce the judgment in *LWV*. *LWV* ECF 128. After that motion was fully briefed, on July 18, the *LWV* court directed the parties in that matter to file supplemental memoranda addressing the status of Plaintiffs' intervention motion and whether DHS and the DHS Secretary had appealed the district court's enforcement order to this Court. *LWV*, Min. Ord., July 18, 2026. After the parties in *LWV* updated the *LWV* court that the district court had granted Appellants' motion to intervene, that Appellants had noticed an appeal to this Court, and that DHS and the DHS Secretary had not yet appealed, the *LWV* court "defer[red] ruling on the . . . Motion to Enforce pending further proceedings in the Eleventh Circuit that may grant the Plaintiffs the relief they seek." *LWV*, Min. Ord., July 20, 2026.

Yesterday, July 21, this Court issued a Briefing Notice pursuant to Eleventh Circuit Rule 31-1(a), setting a deadline of August 31 for Appellants' opening brief.

**Grounds to Expedite Appeal**

A motion to expedite an appeal may be granted upon a showing of good cause. 28 U.S.C. § 1657(a) ("Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any other

10

action if good cause therefor is shown."); Eleventh Circuit Rule 27, I.O.P. 3 ("an appeal may be expedited only by the court upon motion and for good cause shown."). "'Good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a).

There is good cause for this Court to expedite this appeal for several reasons:

*First*, expediting the appeal will serve the interests of justice. If the dizzying detail of the procedural history and interactions between this case and *LWV* demonstrates anything, it is the uncertainty and chaos created by the district court's enforcement order contravening the earlier merits determination of the *LWV* court and its vacatur of the very system to which DHS is providing Plaintiffs-Appellees access. Prompt review of the district court's enforcement order will resolve—or at a minimum, substantially assist in resolving—the judicial deadlock that has left all parties to both *LWV* and this case with substantial and wholly avoidable uncertainty as to their rights and obligations.

*Second*, the issues presented by this appeal are purely legal, narrow, and have been litigated already. The sole question before this Court is the propriety of the district court's July 7 order granting the plaintiffs' motion to enforce their settlement agreement with DHS. The parties briefed that issue below, and, prior to that briefing, there was no adversarial litigation of any kind in the district court. As a result, this

11

Court is in the best position to quickly resolve this deadlock, and an expedited schedule will be minimally disruptive. Presently, the only avenue for potential resolution of this impasse besides this Court is the *LWV* defendants' nascent appeal in the D.C. Circuit.[1] But that appeal has not yet been calendared, nor have the *LWV* defendants sought to, and as an appeal of a thorough merits decision on the basis of full adversarial litigation and a robust administrative record, it will require complex briefing on the full range of substantive issues implicated by the *LWV* court's ruling—briefing, in other words, that would benefit from the full schedule contemplated by the Federal Rules of Appellate Procedure.

In contrast, this Court's consideration of the propriety of the district court's enforcement order *cannot* entail substantial litigation on the merits questions in *LWV*; those issues were never before the district court when it approved and then enforced a settlement agreement, nor was there any Article III controversy over which the district court could have exercised jurisdiction. And to the limited extent those merits questions were addressed before the district court, *see Florida*, ECF 45 at 6 n.5 (explaining that the *Florida* Court had made "implicit" merits determinations about the legality of the SAVE modifications when approving the settlement), the district court did so without the benefit of any *adversarial* briefing on them. *See*

---

[1] The *LWV* court has made clear that it is awaiting this Court's action before taking any of its own, *see LWV*, Min. Ord., July 20, 2026.

*Florida* ECF 42, 7 (DHS and DHS Secretary "vehemently disagree" with *LWV* court's merits decision). Instead, this appeal will be principally limited to the narrow and relatively straightforward procedural question of whether the district court could properly enter an order enforcing a settlement in contradiction of a coordinate court's pre-existing APA vacatur, notwithstanding a provision of the settlement expressly disclaiming any effect inconsistent with a federal statute.

*Third*, Plaintiffs-Appellees face minimal prejudice from expediting this appeal. Plaintiffs-Appellees have already briefed the central question of this appeal. *See Florida* ECF 32, 43, and should be prepared to present their positions on this narrow question quickly. And in their "emergency motion" to enforce their settlement agreement with DHS, Plaintiffs-Appellees asserted there was great urgency to resolve these questions. *See Florida* ECF 32. Although Plaintiffs-Appellees potentially face an adverse resolution to this appeal, and the loss of the enforcement order below, they suffer no prejudice simply because that may happen *sooner* if this Court expedites the appeal.

**Requested Relief**

Appellants respectfully request the Court set an expedited briefing schedule for this appeal, as follows:

- Appellants' Opening Brief: to be filed no later than 14 days after the Court's order on this motion;

13

- <u>Appellees' Response Briefs:</u> to be filed no later than 14 days after the filing of Appellants' opening brief.;

- <u>Appellants' Reply Brief:</u> to be filed no later than 7 days after the filing of Appellees' Response Brief;

- <u>Oral Argument (if ordered)</u>: earliest convenience of the Court.

Appellants further request that the Court consider any requested extensions to the above schedule under the standards applicable to a request for extension of time under Eleventh Circuit Rule 31-2(d).

Dated: July 22, 2026

Respectfully Submitted,

Mark B. Samburg
(D.C. Bar No. 1018533)
Ronald A. Fein
(D.C. Bar No. 90026641)
Robin F. Thurston
(D.C. Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
msamburg@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

Gerald E. Greenberg
(Fl. Bar No. 440094)
Daniel R. Walsh
(Fl. Bar No. 0124282)
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
(305) 728-0950
ggreenberg@gsgpa.com
dwalsh@gsgpa.com
E-service: efilings@gsgpa.com

*/s/Mark B. Samburg*
Nikhel S. Sus
(D.C. Bar No. 1017937)
John B. Hill
(N.Y. Bar No. 5505508)
Lauren C. Bingham
(Fl. Bar No. 105745)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org

Jon Sherman
(D.C. Bar No. 998271)
Michelle Kanter Cohen
(D.C. Bar No. 989164)
FAIR ELECTIONS CENTER
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter
.org

*Counsel for Intervenors-Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 3,193 words, excluding those parts of the motion exempted by Fed. R. App. P. 32(f) and Eleventh Circuit Rule 32-4. This motion complies with Fed. R. App. P. 27(a)(5) and (6) because it has been prepared in 14-point Times New Roman font.

Dated: July 22, 2026                                         */s/Mark B. Samburg*