JAMES UTHMEIER
ATTORNEY GENERAL
STATE OF FLORIDA

OFFICE OF THE ATTORNEY GENERAL
**Office of the Solicitor General**

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
*christopher.baum@myfloridalegal.com*

---

September 25, 2026

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *State of Florida, et al. v. League of Women Voters, et al.*, No. 26-12533

Dear Mr. Smith:

Appellees submit this Notice of Supplemental Authority in support of their jurisdictional response. *Dep't of Homeland Sec'y v. League of Women Voters*, No. 26A308 (U.S. Sept. 25, 2026).

In *League of Women Voters v. U.S. Department of Homeland Security*, 835 F. Supp. 3d 79 (D.D.C. 2026), Judge Sooknanan granted plaintiffs' motion for summary judgment and held that the modified SAVE system violated several federal statutes. As a result, Judge Sooknanan issued an order "set[ting] asid[e] and vacat[ing] the SAVE "modified system." *Id.* at 138.

After Judge Sooknanan and the D.C. Circuit denied the federal government's requests for a stay pending appeal, the Supreme Court granted a stay pending the disposition of appeal to the D.C. Circuit and the disposition of a petition for certiorari, if timely sought. Op. 6. The

Court held that "[a]lthough the plaintiff organizations likely have standing, their claims likely lack merit." Op. 3.

In Appellants' jurisdictional response here, they argued primarily that they "have standing to defend and vindicate the judgment vacating modified SAVE that they obtained in the *LWV* Vacatur Decision." Dkt. 35, at 7. For the reasons described in Appellees' jurisdictional response, Dkt. 34, at 11–17, that is incorrect, even absent the Supreme Court's stay.

But now that the Supreme Court has stayed the *LWV* vacatur decision, Appellants' lack of standing is even more clear. Appellants do not have standing to "vindicate" a judgment that has been stayed. Appellants cannot be "injured by DHS's continued operation of modified SAVE pursuant to the district court's enforcement order," Dkt. 35, at 7, because as a result of the Supreme Court's decision, DHS may continue to operate modified SAVE *nationwide*. In other words, Appellants have no "judicially cognizable interest in enforcing DHS's compliance with the *LWV* Vacatur Decision's judgment." Dkt. 34, at 11. And although the Supreme Court stated that LWV "likely have standing" in that case, Appellants do not have standing here: Unlike in that case, Appellants have not made any allegations or introduced any evidence in this case to support standing. *See* Dkt. 34, at 16–17.

Respectfully submitted.

*<u>/s/ Christopher J. Baum</u>*
Christopher J. Baum, B.C.S.
SENIOR DEPUTY SOLICITOR GENERAL

*Counsel for Plaintiffs-Appellees State of Florida and the Florida Department of State*

cc (via CM/ECF): All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Christopher J. Baum
Christopher J. Baum