No. 26-12533-C

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

STATE OF FLORIDA, et al.

Plaintiffs-Appellees,

vs.

LEAGUE OF WOMEN VOTERS, et al.

Intervenors-Defendants-Appellants.

Appeal from the United States District Court for the Northern District of Florida
No. 3:24-cv-00509-TKW-HTC - The Honorable T. Kent Wetherell II

# MOTION TO HOLD APPEAL IN ABEYANCE

Aman T. George
Mark B. Samburg
Ronald A. Fein
Robin F. Thurston
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

Gerald E. Greenberg
Daniel R. Walsh
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
(305) 728-0950

Nikhel S. Sus
John B. Hill
Lauren C. Bingham
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565

Jon Sherman
Michelle Kanter Cohen
FAIR ELECTIONS CENTER
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 331-0114

*Counsel for Intervenors-Defendants-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

Counsel for Intervenors-Defendants-Appellants hereby incorporates the CIP included with their August 7, 2026 Appellants' Brief, as well as the CIP filed by Plaintiffs-Appellees on August 18, 2026. Intervenors-Defendants-Appellants are not aware of any additional interested persons.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: October 9, 2026 *<u>/s/Mark B. Samburg</u>*

**APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE**

Appellants brought this appeal seeking review of a district court order ("the *Florida* order") which required the federal government to operate—and allowed the state Appellees to access—a federal government system of records. That order was and remains in conflict with a decision and order of a different district court ("the *LWV* vacatur decision"), which vacated the system under the Administrative Procedure Act. The *LWV* vacatur decision has now been stayed by the Supreme Court. Even if this court were now to reverse the *Florida* order (which it still should, if this appeal is considered on its merits), that decision would have no practical impact for any party or non-party. This Court should, therefore, hold this appeal in abeyance pending ultimate resolution of any appeal of the *LWV* vacatur decision and potential dissolution of the Supreme Court's stay. Counsel for Appellants conferred with Counsel for Appellees prior to filing this motion; Counsel for Appellees indicated that they oppose this motion.

**BACKGROUND**

The history of this case is familiar to this Court, and Appellants provide only a brief summary of relevant background here.

Appellees Florida and the Florida Department of State filed this case against the Department of Homeland Security ("DHS") and the DHS Secretary in October 2024 in the Northern District of Florida, challenging their alleged failure to respond

timely to voter verification inquiries. App. 1. DHS and the DHS Secretary never answered the complaint, instead filing a series of unopposed and consent motions for extensions to respond.

In May 2025, DHS substantially altered the Systematic Alien Verification for Entitlements ("SAVE") system that it uses to verify the citizenship status of certain applicants for government benefits and voters whose status is queried by states. *League of Women Voters v. DHS*, 835 F. Supp. 3d 79, 101 (D.D.C. 2026) ("*LWV* vacatur decision"). Appellants, along with several other plaintiffs, filed a complaint in the United States District Court for the District of Columbia against DHS, the DHS Secretary, the Social Security Administration ("SSA"), and the SSA Administrator challenging those alterations. *Id.*

While the D.C. case was pending, Appellees entered a settlement agreement with DHS and the DHS Secretary. On its face, that agreement required DHS and the DHS Secretary to continue to operate the modified SAVE system. The district court approved that settlement agreement without further briefing. App. 91-92. Thereafter, on June 22, 2026, the D.C. district court issued the *LWV* vacatur decision, holding unlawful and vacating the modified SAVE system. *LWV* vacatur decision at 138.

On July 7, 2026, the district court issued an order enforcing the settlement agreement between Appellees, DHS, and the DHS Secretary. App. at 168. DHS

thereafter reactivated the modified SAVE system, purportedly only for use by the four Appellee states. Appellants intervened below, and this appeal followed.

Meanwhile, the defendants in the D.C. case sought a stay of the *LWV* vacatur decision from the D.C. Circuit; that court denied the stay on September 4, 2026. *LWV v. DHS*, 25-5243, 2026 WL 2643439 (D.C. Cir., Sep. 4, 2026). On September 7, 2026, the D.C. defendants sought a stay from the Supreme Court; that stay was granted on September 25, 2026. *DHS v. LWV*, No. 26A308, 609 U.S. ___, 2026 WL 2879700 (Sep. 25, 2026) ("Supreme Court Stay").

**ARGUMENT**

This Court has inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power to do so is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* "Especially in cases of extraordinary public moment" like this one, a stay is justified when "public welfare or convenience will thereby be promoted" and the consequences of delay are "not oppressive." *Id.* at 256. Holding an appeal in abeyance is also particularly appropriate where another court's decision "will likely narrow and refine, if not render moot, at least some of the issues" presented in an appeal. *Georgia ex rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016).

The *LWV* vacatur decision is stayed pending "the disposition of appeal to the United States Court of Appeals for the District of Columbia and disposition of a writ of certiorari, if such a writ is timely sought." Supreme Court Stay, 2026 WL 2879700 at *3. Until that stay is terminated, DHS and SSA are free to operate the modified SAVE system, and Appellee states will remain able to use it for voter verifications—no matter what this Court does in the interim. "It would be a colossal waste of judicial resources," *Olens*, 833 F.3d at 1321, and the resources of the parties to pursue a still-nascent appeal through ultimate resolution which can only guarantee continuation of the status quo.

If this appeal proceeds, this Court will first need to rule on the pending jurisdictional question concerning Appellants' standing. *See* L.R. 31-1(d). Appellees recently introduced a meritless new argument in their Notice of Supplemental Authority that the Supreme Court Stay bears on Appellants' standing. *See* Dkt. 36 at 2. But this argument fundamentally misapprehends standing doctrine. A litigant's standing is evaluated at the time they initiate the action. *Cf.*, *e.g.*, *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (standing is evaluated "at the time the complaint was filed."). Appellants' standing to intervene to protect the *LWV* judgment did not disappear the moment the Supreme Court stayed the *LWV* decision. At most, the Supreme Court Stay could arguably affect the *ripeness* of this appeal, because while the stay is in effect, the subject of

this appeal—the conflict between the *LWV* vacatur order and the *Florida* order—has been paused pending final resolution of the litigation arising from the *LWV* vacatur decision. *See, e.g.*, *Harrell v. Florida Bar*, 608 F.3d 1241, 1257-58 (11th Cir. 2010) (ripeness doctrine governs federal courts' review of speculative disputes).

But unlike standing, ripeness problems do not inherently deprive courts of jurisdiction; indeed, courts routinely hold cases in abeyance when intervening events have rendered underlying claims potentially unripe. *See, e.g.*, *Olens*, 833 F.3d at 1321 (holding appeal in abeyance pending resolution of parallel Sixth Circuit appeal while stay meant litigants "are not being harmed . . . in the interim."); *see also, e.g., Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012) (holding case in abeyance pending resolution of agency rulemaking); *Utah ex rel. Cox v. EPA*, 25-1157, 2025 WL 1354371 at *2 (D.C. Cir. May 2, 2025) (Rao, J., concurring) ("Abeyance may be warranted when there are legitimate developments that could obviate the need for judicial review."). To the extent that the Supreme Court Stay is relevant to Appellants' standing, it is in finding, as Appellees notably concede, *see* Dkt. 36 at 2, that the *LWV* plaintiff organizations "likely have standing" to challenge the modified SAVE system. Supreme Court Stay, 2026 WL 2879700, at *2; *contra* Appellees' Jurisdictional Response, Dkt. 34 at 2 (claiming that Intervenor-Appellants "lack standing in" the *LWV* case).

Assuming this Court agrees that Appellants have standing, this appeal would need to resume and proceed with only the Appellants' opening brief yet on file. And whether this Court ultimately affirms or reverses the enforcement order below, nothing will change for any party: so long as the Supreme Court Stay remains in effect, Appellee states will continue to have access to modified SAVE, just as they do now. This appeal presented an urgent question while it had the potential to end aberrational use of the modified SAVE system. But now that the system is—at least temporarily—generally available, that urgency has dissipated. *Cf. Olens*, 833 F.3d at 1321 (staying appeal of denial of preliminary injunction of a rule while "[b]ecause of [another court's] nationwide stay . . . those opposing the rule are not being harmed by it in the interim.").

And without that urgency, this Court should wait for fulsome development and resolution of the litigation arising from the *LWV* vacatur decision.[1] The Supreme Court may conclusively decide the legality of the modified SAVE system; if the system is ultimately vacated, this appeal would become trivially easy to resolve. Similarly, if that litigation were to overturn the *LWV* vacatur decision, that would substantially reshape and potentially moot the issues in this appeal. And outcomes

[1] A "stay order is not a ruling on the merits, but instead simply stays the District Court's injunction *pending a ruling on the merits*." *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring in grant of stays); *see Allen v. Milligan*, 599 U.S. 1, 10 (2023) (affirming judgments despite initially staying preliminary injunctions pending appeal).

between those two extremes would, at a minimum, provide important legal guidance and would likely narrow the issues before this Court.

While the resolution of litigation arising from the *LWV* vacatur decision is likely to resolve or narrow this litigation, the reverse is not true—the resolution of this litigation is unlikely to influence the *LWV* case. Any appeal or other continuation of that decision will concern the legality of modified SAVE. Neither Appellants' standing to intervene below, nor the propriety of a district court's order in contravention of a then-operative APA vacatur, will assist in resolution of those questions.

***

The Court should preserve its resources and those of the parties and hold this appeal in abeyance until the dissolution of the Supreme Court Stay.

Dated: October 9, 2026

Respectfully Submitted,

*/s/Mark B. Samburg*

Aman T. George
Mark B. Samburg
Ronald A. Fein
Robin F. Thurston
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ageorge@democracyforward.org
msamburg@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

Nikhel S. Sus
John B. Hill
Lauren C. Bingham
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org

Gerald E. Greenberg
Daniel R. Walsh
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
(305) 728-0950
ggreenberg@gsgpa.com
dwalsh@gsgpa.com
E-service: efilings@gsgpa.com

Jon Sherman
Michelle Kanter Cohen
FAIR ELECTIONS CENTER
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org

*Counsel for Intervenors-Defendants-Appellants*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,580 words, excluding those parts of the motion exempted by Fed. R. App. P. 32(f) and Eleventh Circuit Rule 32-4. This motion complies with Fed. R. App. P. 27(a)(5) and (6) because it has been prepared in 14-point Times New Roman font.

Dated: October 9, 2026 *<u>/s/Mark B. Samburg</u>*