No. 26-12533-C

# In the United States Court of Appeals for the Eleventh Circuit

STATE OF FLORIDA, ET AL.,
*Plaintiffs-Appellees*,

v.

LEAGUE OF WOMEN VOTERS, ET AL.
*Intervenors-Defendants-Appellants*.

## APPELLEES' OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
NO. 3:24-CV-509

JAMES UTHMEIER
*Attorney General*

RYAN NEWMAN
*Chief Deputy Attorney General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
*christopher.baum@myfloridalegal.com*

*Additional counsel listed on signature page*

DAVID M.S. DEWHIRST
*Solicitor General*

JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*

CHRISTOPHER J. BAUM, B.C.S.
*Senior Deputy Solicitor General*

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Counsel for Plaintiffs-Appellees hereby incorporates Intervenors-Defendants-Appellants' CIP included with their August 7, 2026 Appellants' Brief, as well as the CIP filed by Plaintiffs-Appellees on August 18, 2026. Plaintiffs-Appellees are not aware of any additional interested persons.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

*/s/ Christopher J. Baum*
Christopher J. Baum
*Counsel for Plaintiffs-Appellees*
*State of Florida and the Florida*
*Department of State*

## OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE

This appeal is currently on hold while the Court considers the jurisdictional question that it posed to the parties—namely, whether Intervenors have standing to appeal the district court's enforcement order. *See* 11th Cir. R. 31-1(d) (due date for appellee's brief is postponed until the Court determines either that the appeal shall proceed or that the parties should address the jurisdictional question in their merits briefs).

To recap where we are, Plaintiffs in this case (several states and state officials) entered into a settlement agreement with the Department of Homeland Security requiring DHS to maintain certain features of the Systematic Alien Verification for Entitlements (SAVE) system that are critical tools for Plaintiffs in ensuring the integrity of their elections. The district court approved that agreement, incorporated it into its dismissal order, and retained jurisdiction to enforce it. When DHS breached the settlement agreement, Plaintiffs moved to enforce it, and the district court granted that motion. DHS did not appeal.

Non-parties LWV and EPIC intervened for the sole purpose of appealing the district court's enforcement order. But because DHS did

not appeal, Intervenors must independently demonstrate standing. The Court thus issued a jurisdictional question, and the parties submitted briefs regarding Intervenors' standing (or lack thereof). Intervenors' primary submission is that they have standing based on a judgment they obtained in another case, where a district court in the District of Columbia held that the modified SAVE system violated several statutes and vacated it. For the reasons described in Appellees' jurisdictional response, Intervenors do not have standing based on that judgment.

Making matters worse for Intervenors, the Supreme Court then granted a stay of the D.C. District Court's order. As Appellees explained in their notice of supplemental authority, Intervenors' lack of standing is now even more clear—they cannot be "injured by DHS's continued operation of modified SAVE pursuant to the district court's enforcement order," Dkt. 35, at 7, because, regardless of that order, the Supreme Court's stay allows DHS to continue operating modified SAVE *nationwide*.

Intervenors (understandably) now want to dodge the resolution of the standing question in this appeal by moving to hold the appeal in abeyance pending the ultimate resolution of the appeal in the D.C. case.

But the standing question here is ripe for determination. As explained in Appellees' jurisdictional response, Intervenors lack standing here *even if* they have standing in the D.C. case. At most, holding this appeal in abeyance is warranted only if the Court determines that Intervenors have standing to appeal. And even then, the question on appeal here is not the question presented in the D.C. case (whether the modified SAVE system is lawful); it is whether Defendants breached the settlement agreement and whether the district court thus appropriately enforced it. Intervenors' motion should be denied—or, at the very least, put off until after the Court decides whether Intervenors have standing.

## ARGUMENT

Intervenors do not offer a single reason why the Court should not address the outstanding jurisdictional question. That is reason enough to deny Intervenors' motion. The parties have fully briefed that question and it is ripe for resolution. Resolving it in Appellees' favor would end this appeal. If, on the other hand, the Court concludes that Intervenors do have standing, the Court can reassess whether to hold the appeal in abeyance at that time.

And in their motion, Intervenors provide further evidence that they lack standing. As Intervenors concede, "if this court were now to reverse" the order below, "that decision would have no practical impact for any party or non-party." Mot. 1. After all, unless and until the Supreme Court's stay is terminated, "DHS and SSA are free to operate the modified SAVE system, and Appellee states will remain able to use it for voter verifications—no matter what this Court does in the interim." Mot. 4. Indeed, an "ultimate resolution . . . can only guarantee continuation of the status quo." *Id.*

Intervenors thus concede that they cannot show redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ("Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. . . . Third, it must be 'likely,' . . . that the injury will be 'redressed by a favorable decision.'"). "[N]o matter what this court does," the "status quo" will "continu[e]." Mot. 4. Because DHS remains free to operate modified SAVE nationwide, whether the district court properly enforced the settlement agreement and required DHS to maintain it for the Plaintiff States has no real-world effect. Intervenors thus would not obtain any relief if the Court reversed.

*See Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021) ("And if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.").

Intervenors counter that they need only demonstrate standing at the time their complaint was filed.[1] Mot. 4. That is wrong. "Although rulings on standing often turn on a plaintiff's stake in initially filing suit, 'Article III demands that an actual controversy persist throughout all stages of litigation.'" *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)); *see also Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) ("[t]o have a case or controversy, a litigant must establish that he has standing, which must exist throughout all stages of litigation"). Even the case on which Intervenors rely says as much: Standing "cannot be waived or conceded by the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

---

[1] Despite Federal Rule of Civil Procedure 24(c), Intervenors did not file a pleading when they intervened, so they have *never* established standing.

In the end, though, even if the Court considers the Supreme Court's stay to present only a question of ripeness, as Intervenors contend (Mot. 4–5), it does not matter. Intervenors lack standing to enforce (or avoid enforcement of) the Plaintiff States' settlement agreement with Defendants, and they would not have standing based on the D.C. District Court's order even if it were in effect. *See* Appellees' Jurisdictional Response at 11–15. Adding to all that, Intervenors have made no allegations and have produced no evidence supporting their standing to appeal here, which is enough to dismiss this appeal. *See id.* at 16.

Because there's no reason to hold off on determining whether Intervenors have standing, this case is easily distinguishable from *Georgia ex rel. Olens v. McCarthy*, 833 F.3d 1317 (11th Cir. 2016), on which Intervenors rely. There, this Court and the Sixth Circuit were simultaneously considering a challenge to an EPA rule that involved "the same parties on each side, the same jurisdictional and merits issues, and the same requested relief." *Id.* at 1321. This Court held the appeal in abeyance because the Sixth Circuit was "significantly farther along the decisional path." *Id.*

Here, by contrast, the question of Intervenors' standing presents wholly distinct issues from that presented in the D.C. case. Even though the Supreme Court concluded that Intervenors "likely have standing" there, *DHS v. LWV*, No. 26A308, 609 U.S. ---, 2026 WL 2879700, at *2 (Sep. 25, 2026), for the reasons described above, that does not mean Intervenors have standing here.[2]

The Court has identified a good reason why this appeal should be dismissed. There's no reason to wait before deciding that issue and disposing of the appeal.

---

[2] If the Court determines that Intervenors do indeed have standing to appeal here, whether to hold the appeal in abeyance pending the D.C. appeal presents a closer question. It is not obvious, though, that a resolution there would inevitably "narrow the issues before this Court," Mot. 7. That is because the question here involves issues absent from that case: whether Defendants here breached the settlement agreement and whether the district court properly enforced the settlement agreement as a result. Even Intervenors concede as much. *See* Init. Br. 3–4 (arguing that the Court should reverse the district court's order *not* because of the merits of the legality of modified SAVE—the issue in D.C.—but because in their view the settlement agreement was not breached and because the enforcement order purportedly violated Article III and party-presentation principles).

## CONCLUSION

The Court should deny the motion to hold the appeal in abeyance or, at the very least, defer consideration of the motion until after it decides the jurisdictional question.

Respectfully submitted.


JAMES UTHMEIER
*Attorney General*

RYAN NEWMAN
*Chief Deputy Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*

*/s/ Christopher J. Baum*
CHRISTOPHER J. BAUM, B.C.S.
*Senior Deputy Solicitor General*
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
christopher.baum@myfloridalegal.com

*Counsel for Plaintiffs-Appellees State of Florida and the Florida Department of State*

*/s/ Nicholas A. Cordova*
NICHOLAS A. CORDOVA
Boyden Gray PLLC
800 Connecticut Ave NW,
Suite 900
Washington, DC 20006
202-955-0620
ncordova@boydengray.com

*Counsel for Plaintiffs-Appellees State of Ohio and Frank LaRose in his official capacity as Ohio Secretary of State*

BRENNA BIRD
*Attorney General of Iowa*

*<u>/s/ Patrick Valencia</u>*
ERIC H. WESSAN
*Solicitor General*
PATRICK C. VALENCIA
*Deputy Solicitor General*
ANGELA STUEDEMANN
*Assistant Attorney General*
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
Eric.wessan@ag.iowa.gov
Patrick.valencia@ag.iowa.gov
Angela.stuedemann@ag.iowa.gov

*Counsel for Plaintiffs Brenna Bird and Paul Pate*

*<u>/s/ Blake E. Lanning</u>*
BLAKE E. LANNING
Assistant Chief Deputy
Attorney No. 35282-24
Office of the Indiana Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN 46204-2770

Telephone: (317) 232-1146
Fax: (317) 232-7979
Email:
Blake.Lanning@atg.in.gov

*Counsel for State of Indiana*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

2. This document complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,440 words.

*/s/ Christopher J. Baum*
Christopher J. Baum

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I electronically filed the foregoing response with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum